IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEROY O. CARLSON and TERESA J. CARLSON,<br><br>            Plaintiff,<br>v.<br><br>CREDIT MANAGEMENT SERVICES, INC., DANA KAY FRIES #22411 personally, JANE J. RICHARDSON #19833 personally, TESSA P. HERMANSON #23179 personally, JESSICA L.V. PISKOWSKI #24243, personally, and BRADY W. KEITH #24305 personally,<br><br>            Defendants. | Case No. 4:11-cv-3173 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

Plaintiffs LeRoy O. Carlson and Teresa J. Carlson attempt to assert claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Nebraska Collection Agency Act, § 45-601; § 45-1047, *et seq*.; § 45-1058 ("NCAA"). As set forth below, and based on the allegations in the Complaint and the documents embraced by the Complaint, Plaintiffs' Complaint should be dismissed with prejudice and a judgment of dismissal with prejudice should be entered in favor of all Defendants.

### BACKGROUND

The following allegations are taken as true solely for purposes of this motion.

Plaintiffs incurred debt in the form of bills owed to Faith Regional Health Services ("FRHS"). *See* Declaration of Tessa Hermanson at Exhibits A through E.[1] When Plaintiffs failed to pay this debt, FRHS placed the account with CMS for collection. *See* Complaint at ¶ 7; Hermanson Declaration at ¶ 2, and Exs. A through E.

CMS sent Plaintiffs five initial letters (the "initial letters"), all of which are dated November 19, 2010, and each of which noted a separate account that had been referred to CMS for collection. *Id.* The initial letters provided Plaintiffs with notification of each debt owed, the name of the creditor, and set forth Plaintiffs' validation rights as required by the FDCPA. Hermanson Declaration at ¶ 2 and Exs. A through E. Specifically, the substance of each of the initial letters was the same and stated:

> Your past due account has been referred to us for collection. Failure to pay may result in further collection efforts.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Credit Management Services, Inc. is a collection agency attempting to collect a debt. Any information obtained may be used for that purpose.

Hermanson Declaration at ¶ 2 and Exs. A through E.

On December 16, 2011, Plaintiff LeRoy O. Carlson sent a letter to CMS as "notice of dispute over the validity of this alleged debt." *See* Complaint ¶ 7; Hermanson Declaration at ¶ 3

---

[1] Exhibits A through E are copies of CMS correspondence to Plaintiff which are referenced in the Complaint at ¶ 7.

and Ex. F.[2] The letter was addressed to Credit Management, 214 W. 1st St., P.O. Box 1512, Grand Island, NE 68802 and sent by certified mail. *See Id.* The letter was sent on letterhead for "LeRoy O. Carlson" and was signed only by Plaintiff LeRoy O. Carlson. *See Id.* Plaintiffs allege that the debts stated in the initial original letters sent by CMS were never validated. Complaint at ¶ 7.[3] The entirety of Plaintiffs' allegations against the Defendants focus on the alleged failure to validate the debt. *See* Complaint at ¶ 7.

The only Defendant actually referenced in Plaintiffs' factual allegations is CMS. *See* Complaint at ¶ 7. Plaintiffs do not allege that the individual Defendants who were personally named in the caption of the Complaint were involved in any alleged misconduct. *See* Complaint. In fact, there is no reference whatsoever to the personally-named Defendants beyond inclusion of their names in the case caption and generic lists of party names that appear in sections of the Complaint which are inconsequential. *Id.*

The only service Plaintiffs attempted was to send the Summons and Complaint by certified mail to the Defendants. Hermanson Declaration at ¶ 4. Plaintiffs sent the Summons and Complaint to each named Defendant at the following address: Credit Management Services, Inc., P.O. Box 1512, Grand Island, NE 68802. *Id.* That is not the corporate address on file with the Secretary of State. Instead, the address designated and on file with the Secretary of State's Office for CMS is 105 N. Wheeler, Grand Island, Nebraska 68801. Hermanson Declaration at ¶ 5.

While Plaintiffs contend that Defendants violated the FDCPA, they fail to allege *facts* to support their allegations. Moreover, even if Plaintiffs had stated a claim as to Defendant CMS,

---

[2] Exhibit F is a copy of the LeRoy O. Carlson correspondence to Credit Management which is referenced in the Complaint at ¶ 7.

[3] While CMS disputes this allegation, for purposes of this Rule 12 motion alone, it will assume it is true.

there is no support for the conclusion that any of the personally named Defendants violated the FDCPA because Plaintiffs' factual allegations fail to make a single factual reference to even one of those individuals.

Plaintiffs also assert that Defendants violated the Nebraska Collection Agency Act (the "NCAA"). However, for the same reasons Plaintiffs allegations fail to state a claim for violation of the FDCPA, they fail to state a claim for violation of the NCAA.

## LEGAL ARGUMENT

### I. STANDARD FOR DISMISSAL UNDER FED. R. CIV. P. 12(b)(6)

To survive a motion under Rule 12, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.

"In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id. See also Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999) and *Helleloid v. I.S.D. No. 361*, 149 F. Supp. 2d 863, 867 (D. Minn. 2001) (stating that the court need not accept wholly conclusory allegations or unwarranted inferences).

The Eighth Circuit recognizes that on Rule 12 motions, courts may consider matters that are "necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077,

4

1079 (8th Cir. 1999). In the same vein, courts may also consider "materials that are part of the public record or do not contradict the complaint." *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999). *See also Shqeirat v. U.S. Airways Group, Inc.*, 515 F. Supp. 2d 984, 991-92 (D. Minn. 2007) (considering copy of police report on motion to dismiss several counts of the complaint).

If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). If a Rule 12 motion is converted to a motion for summary judgment, the non-moving party must present sufficient admissible evidence in opposition to the motion such that a reasonable jury could return a favorable verdict in that party's favor. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); see also *Scott v. Chastain,* No. 09-3170, 2010 WL 2673283, *5 (D. Minn. Apr. 28, 2010) and *Tucker v. U.S. Director of Bureau of Prisons*, No. 09-1862, 2010 WL 3033916, *6 (D. Minn. Apr. 21, 2010) (converting defendants' 12(b)(6) motions to summary judgment and dismissing all claims based on findings that the plaintiffs failed to meet their burden in presenting a genuine fact issue).

II. **THE COMPLAINT FAILS TO STATE A CLAIM AGAINST ANY DEFENDANT.**

   A. **Plaintiffs Fail To Allege Facts Sufficient To Show A Plausible Entitlement To The Relief Requested In the Complaint And Fail To Apprise The Defendants Of The Factual Basis Of The Claim.**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a pleading. "A complaint that only lists a defendant's name in the caption without alleging that defendant was personally involved in the alleged misconduct fails to state a claim against that defendant." *Rodgers v. Data Transmission Network*, No. 8:10CV46, 2010 WL 1254937, *3 (D. Neb. March 25, 2010).

5

The United States Supreme Court clarified the basic requirements of a pleading in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968 (2007). *Twombly* recognized the plaintiff's "obligation to provide the 'grounds' of his entitle[ment] to relief.'" *Id.* The Court concluded that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1964-64 (quoting Fed. R. Civ. P. 8(a)); *see also Id.* at 1974 (stating that a pleading must nudge claims "across the line from conceivable to plausible").

More recently, the United States Supreme Court confirmed the pleading standard articulated in *Twombly*, stating "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Pleadings containing nothing more than conclusions are insufficient. *Id.* at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"); *See also Twombly*, 550 U.S. at 555 (complaints must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The *Iqbal* Court also clarified that "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In the wake of *Twombly* and *Iqbal*, both the Eighth Circuit Court of Appeals and Nebraska district courts have repeatedly dismissed complaints containing only vague allegations of misconduct. *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) ("After *Twombly*, we have said that a plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims, rather than the facts that are merely consistent with such a right.'") (quotation omitted). In *Holt v. Bose*, No. 8:11cv208, 2011 WL 3679820 (D. Neb. Aug.

23, 2011), for example, the plaintiff sought recovery for injuries and damages resulting from an accident between a motorcycle and tractor trailer. Plaintiff included the individuals who owned the tractor and trailer as defendants under a theory of joint enterprise. Citing *Twombly* and *Gregory*, the court dismissed the complaint for failure to state a claim because:

> ownership of property used by another does not necessarily equate to a common undertaking to carry out a common purpose, an equal right to control the conduct in pursuit of an undertaking, or an agreement to share a common pecuniary interest…. For the Court to find otherwise, it would need to speculate and 'conjure up unpled allegations to save [this] complaint.'

*Id.* at *3 (quoting *Gregory*, 565 F.3d at 473).

Similarly, *Morgan v. BNSF Ry. Co.*, No. 4:09CV3254, 2010 WL 1440422 (D. Neb. April 9, 2010) considered a motion to dismiss for failure to meet the pleading standard under *Twombly* and *Iqbal*. In *Morgan*, the plaintiff was involved in the movement of a locomotive in a train yard. A loud noise caused the plaintiff to jump from the locomotive on which he was riding just before it derailed. The plaintiff sought damages for negligent infliction of emotional distress under the Federal Employers' Liability Act ("FELA"). Because the plaintiff's complaint did not sufficiently allege factual details about the zone of danger and the risk of physical harm, the court dismissed the complaint for failure to show more than a possibility of the right to relief. *Id.* at *3 (*citing Iqbal*, 129 S.Ct. at 1949 and *Twombly*, 550 U.S. at 557). Against this backdrop, Plaintiffs' Complaint in the instant action cannot withstand a motion to dismiss.

> **1.** ***Plaintiffs' Complaint Fails To Allege The Personally Named Defendants Were Involved In The Alleged Misconduct.***

The individual Defendants who were personally named in this matter were only cursorily referenced after their inclusion in the caption of the Complaint. Significantly, there is not a single factual allegation that refers to any of those Defendants. While Plaintiffs generally refer

to the "Defendants," they fail to make any specific allegation of misconduct against even one of the personally named Defendants. This does not meet the pleading requirement, and Plaintiffs' Complaint must be dismissed as to those Defendants for this reason alone. *See Rodgers*, 2010 WL 1254937 at *3 (holding that when a plaintiff fails to allege a defendant was personally involved in misconduct, the plaintiff fails to state a claim against that defendant).

> 2. *Plaintiffs' Complaint Does Not Meet The Standard Articulated by Twombly and Iqbal.*

Plaintiffs' Complaint fails against all Defendants because they fail to state facts that would entitle them to relief. To prevail on their cause of action under the FDCPA, Plaintiffs must establish that Defendants engaged in at least one claimed FDCPA violation within one year prior to the filing of the Complaint. *See* 15 U.S.C. § 1692k(d) (stating that cause of action must be commenced within one year from the date on which the violation occurs"). The allegations contained in Plaintiffs' Complaint fail to make a plausible showing in this regard.

Plaintiffs allege only that they received the initial letters from CMS "on or about November 24, 2010." They do not allege there were any communications from any Defendant following their receipt of the initial letters. To be sure, Plaintiffs do allege there was no response to the letter December 15, 2010 mailed by LeRoy O. Carlson. (*See* Complaint at ¶ 7). However, under these facts, and as discussed in detail below, there is no support for any of Plaintiffs' conclusions with regard to the alleged violation of the FDCPA.[4] For the Court to find support for Plaintiffs' conclusions, it would have to "speculate and 'conjure up unpled allegations.'"

---

[4] Upon receipt of a timely request for verification, a collector must stop collection efforts. More importantly, it is permissible for a collector to not respond further to such a request as Plaintiff alleges happened here. *See Jang v. A.M. Miller and Assoc.*, 122 F.3d 480, 483 (7th Cir. 1997).

Because such speculation and judicial reasoning is not permitted, Plaintiffs' Complaint must be dismissed. *See Holt*, 2011 WL 3679820 at *3.

Contrary to the conclusions of Paragraphs 13 and 16, Plaintiffs did not allege that there was any false representation of the character, amount, or legal status of any debt required to establish a violation of 15 U.S.C. § 1692e(2) or (10). Plaintiffs' allegation is that the Defendants did not validate the debt. (*See* Complaint at ¶ 7). Declining to validate is different than making a false representation or using of deceptive means to collect a debt. In fact, it is not a violation of the FDCPA to decline to validate a debt:

> The plain language of § 1692g(a) does not actually require validation to be sent to a debtor within a certain amount of time, or ever. Read together, §§ 1692g(a) and 1692g(b) provide that a debt collector must "cease" collecting a debt until the debt collector has verified the debt and sent that verification to the debtor. The provisions do not require both cessation of collection efforts and verification of a debt.

*Sambor v. Omnia Credit Servs., Inc.*, 183 F. Supp. 2d 1234, 1242 (D. Haw. 2002). *See also Jang*, 122 F.3d at 483 (holding "Section 1692g(b) … gives debt collectors two options when they receive requests for validation. They may provide the requested validations and continue their debt collecting activities, or they may cease all collection activities."); *See also Bass v. Palisades Collections, L.L.C.*, No. Civ. 06-CV-05986 GEB, 2008 WL 4513812, *5 (D. N.J. Sept. 26, 2008) (holding that declining to validate the debt "is not a violation of the FDCPA as a matter of law."); *and see Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1031-32 (6th Cir. 1992). In any event, declining to validate a debt has no bearing on whether the character, amount, and legal status of the debt were fairly represented in the initial letters. Plaintiffs' bare conclusion that there was false representation is unsupported by any specific factual allegations and is not entitled to any presumption of truth.

Paragraphs 14, 15, and 17 of Plaintiff's Complaint likewise have no support. There is nothing in the initial letters sent by CMS that threatens to take action that cannot legally be taken or is not intended to be taken. In fact, the only reference to any potential action at all is a reference to further collection efforts. The exact language used by the initial letters is "Failure to pay may result in further collection efforts." That statement in no way threatens to take any illegal action. There is certainly nothing in the statement that even comes close to threatening to communicate false credit information. In addition, it is illogical to conclude that providing Plaintiffs with information required by the FDCPA by initial correspondence constitutes an unfair or unconscionable practice. Accordingly, there is nothing to support the assertions that the Defendants violated 15 U.S.C. §§ 1692e(5), 1692e(8), or 1692f.

Plaintiffs' allegation that the debt was not validated also does not support their leap to the conclusion that the amounts referenced in the initial collection notices were not expressly authorized by an agreement creating the debt or permitted by law. There is simply no legally sufficient allegation to support the conclusion that there was a violation of 15 U.S.C. § 1692f(1).

Finally, Plaintiffs do not allege there was any continued collection activity after the validation request. Thus, there is no factual allegation to support the conclusion that there was a violation of 15 U.S.C. § 1692g(b).

These same shortcomings are similarly fatal to Plaintiffs' state-based claims. For the same reasons articulated with regard to the FDCPA claims, Plaintiffs' claims under the NCAA also fail.

The Defendants do not dispute that the FDCPA and NCAA prohibit certain conduct when collecting certain debts. But, the simple reality in this case is that the Complaint is completely devoid of any description of what factual conduct violated the FDCPA. The bare allegations and

assertions in Plaintiff's Complaint cannot withstand scrutiny. Indeed, the Court's holding in *Twombly* was specifically designed to preclude the very type of nebulous pleading the Plaintiffs have undertaken here—*i.e.,* alleging the bare elements of a cause of action but omitting facts to place those allegations into context and to apprise the defendant of the factual basis for the claim. *See, e.g., Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (brackets in original) (quoting Fed. R. Civ. P. 8(a)). In light of *Twombly* and *Iqbal*, Plaintiffs' conclusory and bare allegations of FDCPA violations cannot survive a motion to dismiss where Plaintiffs have provided no factual indication of what comprised those violations.

For the reasons set forth above, the Complaint fails to state a claim upon which relief may be granted under the standard set forth by the Supreme Court in *Twombly* and *Iqbal*. The Complaint should accordingly be dismissed in its entirety.

### III. SERVICE OF PROCESS OF THE SUMMONS AND COMPLAINT WAS NOT EFFECTIVE UPON ANY DEFENDANT

Aside from the substantive deficiencies of Plaintiffs' Complaint, Plaintiff failed to effectuate proper service on the Defendants. Rule 4(e) of the Federal Rules of Civil Procedure establish the appropriate manner to serve individuals:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:

11

>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. Rules of Civ. P. 4(e).

Rule 4(h)(1) of the Federal Rules of Civil Procedure sets forth the appropriate methods of service upon a domestic corporation:

> Unless otherwise provided by federal law, service upon a domestic corporation . . . shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant[.]

Fed. R. Civ. P. 4(h). By its terms, Rule 4(h)(1) provides for two methods of service: (1) personal service on an officer or other authorized agent of the corporation; and (2) service prescribed in subdivision (e)(1). Plaintiffs did not pursue either of these methods.

> **1. Plaintiff Did Not Personally Serve The Defendants, Did Not Serve An Officer Or Other Authorized Agent Of CMS, And Did Not Obtain A Waiver Of Service.**

Rule 4(e) allows service by personal delivery, leaving a copy at a person's usual place of abode, or with an agent authorized to accept service. Plaintiffs did not use any of these options. Instead, they sent a copy of the Summons and Complaint to the personally named Defendants by

certified mail addressed to the CMS Post Office Box. This ill-advised attempt falls far short of the options contemplated by Rule 4(e)(2).

Rule 4(h)(1) expressly provides that service of process on a corporation must be made by personally serving an officer or other authorized agent. It is undisputed that Plaintiffs did not do so in the present case. Rather, Plaintiffs attempted to serve CMS solely by sending a copy of the Summons and Complaint via certified mail generically to "Credit Management Services, Inc." at its Post Office Box address. This attempted service was also plainly beyond the scope of Rule 4(h)(1).

Based on the plain language of Rules 4(e) and 4(h)(1) of the Federal Rules of Civil Procedure, it is apparent that Plaintiffs did not effectuate proper service on the personally named Defendants or on CMS by sending the Summons and Complaint via certified mail. The only remaining inquiry, then, is whether Plaintiffs' attempted service was sufficient under Rule 4(e)(1). As set forth below, it was not.

> **2. Plaintiff Did Not Comply With The Requirements For Service Of Process Under Rule 4(e)(1).**

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service may also be accomplished "pursuant to the law of the state in which the district court is located, or in which service is effected." Fed. R. Civ. P. 4(e)(1). Here, this district court is located in the State of Nebraska.

Plaintiffs' attempted service is also insufficient and ineffective under Nebraska law. Personal service on individuals under Nebraska law is allowed by certified mail only as follows:

> Certified mail service which shall be made by (i) within ten days of issuance, sending the summons to the defendant by certified mail with a return receipt requested showing to whom and where delivered and the date of delivery, and (ii) filing with the court proof of service with the signed receipt attached.

13

Neb. Rev. St. § 25-505.01, subd. (c).

The applicable Nebraska statute regarding corporate service provides that service of process shall be made:

> A corporation may be served by personal, residence, certified mail, or designated delivery service upon any officer, director, managing agent, or registered agent, or by leaving the process at the corporation's registered office with a person employed therein, or by certified mail or designated delivery service to the corporation's registered office.

Neb. Rev. St. § 25-509.01.

While these statutes provide for service by certified mail, they require certain criteria be met. In the case of corporations, it also expressly requires that the certified mailing be "to the corporation's registered office." Plaintiffs did not comply with this requirement. The address for CMS on file with the Secretary of State's Office is 105 N. Wheeler, Grand Island, Nebraska 68801. Instead, Plaintiffs addressed their mailings to P.O. Box 1512, Grand Island, Nebraska. Plaintiffs' attempted service, therefore, fails to meet the statutory requirements for a certified mailing. In line with the Nebraska corporate service statute and the Federal Rules, service by certified mail on the personally named Defendants should have been sent to their home address and not the unofficial Post Office Box of their employer.

For the reasons set forth above, Plaintiffs' attempted service is ineffective under Nebraska law, and the Federal Rules of Civil Procedure. Such attempted service should accordingly be quashed.

## **CONCLUSION**

For the reasons set forth above, Defendants request the Court dismiss Plaintiffs' Complaint with prejudice and to enter a judgment of dismissal in favor of Defendants.

CREDIT MANAGEMENT SERVICES, INC., DANA KAY FRIES, JANE J. RICHARDSON, TESSA P. HERMANSON, JESSICA L.V. PISKOWSKI, and BRADY W. KEITH, Defendants,

By:   BASSFORD REMELE P.A.

By:   *Michael A. Klutho*
       Michael A. Klutho
       Christopher R. Morris
       33 South Sixth Street, Suite 3800
       Minneapolis, MN 55402
       Telephone: (612) 333-3000
       Facsimile: (612) 333-8829
       mklutho@bassford.com
       cmorris@bassford.com

AND

By:   PERRY, GUTHERY, HAASE
      & GESSFORD, P.C., L.L.O.

By:   *John M. Guthery*
       John M. Guthery, #11638
       233 South 13th Street, Suite 1400
       Lincoln, Nebraska 68508
       Telephone: (402) 476-9200
       Facsimile: (402) 476-0094
       jguthery@perrylawfirm.com