IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEROY O. CARLSON and TERESA J. CARLSON,<br>             Plaintiff,<br>v.<br><br>CREDIT MANAGEMENT SERVICES, INC.,<br>DANA KAY FRIES #22411 personally,<br>JANE J. RICHARDSON #19833 personally,<br>TESSA P. HERMANSON #23179 personally,<br>JESSICA L.V. PISKOWSKI #24243,<br>personally, and BRADY W. KEITH #24305<br>personally,<br><br>             Defendants. | Case No. 4:11-cv-3173 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

Plaintiffs agree that their original complaint is deficient as a matter of law and in lieu of opposing Defendants' Motion to Dismiss on the merits, seek leave to file an amended complaint. However, Plaintiffs' proposed amended complaint still fails to allege a single factual allegation that supports their conclusion that CMS acted in violation of the FDCPA and NCAA.

To survive a motion to dismiss under Rule 12, Plaintiffs must allege facts, which if taken as true, are sufficient to state a plausible claim for relief. See *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court is not required to accept Plaintiffs' legal conclusions as true. To the contrary, as noted by the Eighth Circuit, the court should not "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Because Plaintiffs agree their original Complaint is deficient, it should be dismissed as a matter of law for the reasons stated in Defendants' Memorandum of Law in

Support of Motion to Dismiss. (Docket No. 19). While Plaintiffs' continue to contend Defendants violated the FDCPA and NCAA, their proposed Amended Complaint is similarly deficient because it too fails to allege any facts in support of their conclusions. Accordingly, Plaintiffs' request for leave to amend should be denied as futile and judgment of dismissal with prejudice should be entered in favor of Defendants.

## FACTS RELATING TO THE PROPOSED AMENDED COMPLAINT

Plaintiffs' Proposed Amended Complaint alleges Defendants communicated with them on three occasions. CMS first contacted Plaintiffs through the initial notices – as previously addressed in Defendants' Memorandum of Law in Support of Motion to Dismiss, those notices did not violate the FDCPA or NCAA.

Second, CMS sent Plaintiffs a letter validating the debt represented by the initial notices in response to Plaintiffs' request. (See Proposed Amend. Comp., ¶¶ 16-17). That letter stated:

> Enclosed please find itemized statements and contracts from the following creditors on the account(s) turned over to Credit Management Services, Inc., for collection:
>
> Faith Regional Health Services
> 1500 Koenigstein Ave.
> Norfolk, NE 68701
> Principal Amount: $2,285.40
>
> Please accept these documents as verification of the underlying debt in the total principal amount of $2,285.40.

(See Ex. A to the Hermanson Declaration, Verification Letter from CMS, dated Jan. 28, 2011, with enclosures).[1] That letter also attached copies of Demand Bills from Faith Regional Health

---

[1] Exhibit A is a copy of the CMS correspondence to Plaintiff LeRoy Carlson which is referenced in the Proposed Amended Complaint at ¶¶ 16-17.

2

Services ("FRHS"), which provided detailed descriptions of the outstanding charges, as well as contracts between Plaintiff Teresa Carlson and FRHS. (*Id*.).

The last contact initiated by CMS with Plaintiffs was service of a lawsuit on September 12, 2011 which sought to collect the same outstanding debt referenced in the initial notices and validation letter. (See Proposed Amend. Comp., ¶ 23; and see Ex. B to the Hermanson Declaration, Complaint filed in the County Court of Madison County, Nebraska).[2] None of these communications violated either the FDCPA or NCAA, as a matter of law.

Granting Plaintiffs leave to amend their complaint would be futile because their factual allegations are still insufficient and could not survive a Rule 12 motion. Therefore Defendant's Motion to Dismiss should be granted and Plaintiffs' claims should be dismissed with prejudice and on the merits.

**LEGAL ARGUMENT**

**I. MOTIONS TO AMEND ARE PROPERLY DENIED WHEN THE PROPOSED CLAIMS ARE FUTILE.**

Rule 15(a) of the Federal Rules of Civil Procedure provides that the trial court may grant leave to amend the pleadings when justice so requires, "[b]ut parties do not have an absolute right to amend their pleadings, even under this liberal standard." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Furthermore, "leave to amend should be denied as futile 'where the proposed amendment would not cure the defect the party sought to correct.'" *LOL Finance Co. v. Johnson*, No. 4:09CV3224, 2010 WL 4386491, *2 (D. Neb., Oct. 27, 2010) (quoting *Asbury Square, L.L.C. v. Amoco Oil Co.*, 218 F.R.D. 183, 195 (S.D. Iowa 2003)).

---

[2] Exhibit B is a copy of the Complaint filed in County Court of Madison County, Nebraska which is referenced in the Proposed Amended Complaint at ¶¶ 23-25.

3

Because Plaintiffs' Proposed Amended Complaint does not contain any meritorious claims, their request to amend should be denied as futile. *See Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) ("Leave to amend should be denied if the proposed amended pleading would be futile."); *and see Ingrim v. State Farm Fire & Cas. Co.*, 249 F.3d 743, 745 (8th Cir. 2001) (holding leave to amend may be denied if amendment would be futile).

## II. DEFENDANTS' MOTION TO DISMISS MUST BE GRANTED BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM WITH FACIAL PLAUSIBILITY.

Plaintiffs agree their original Complaint fails to state a plausible claim. Moreover, Plaintiffs' Proposed Amended Complaint also fails to state a claim for which relief can be granted because it too fails to allege facts sufficient to draw a reasonable inference that CMS is liable for violation of the FDCPA or NCAA. *See Ashcroft*, 129 S. Ct. at 1949 (holding claims without factual allegations sufficient to make a reasonable inference that defendant is liable for alleged misconduct are facially implausible).

### A. The Validation Letter Met The Requirements of the FDCPA.

Plaintiffs' contention that Defendants failed to properly validate the debt has no legal support. (Proposed Amend. Comp., ¶ 32d) Under 15 U.S.C. § 1692g(b), if a consumer disputes a debt in writing within the set period of time, the debt collector shall cease collection of the debt until the debt collector verifies the debt:

> If the consumer notifies the debt collector in writing … that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of the judgment, or the name and address of the original creditor, is mailed to the consumer by the debt collector.

CMS responded to Plaintiffs' request for validation of the debt by letter which attached itemized statements from FRHS and contracts related to these charges. (Proposed Amend.

4

Comp., ¶ 17; and *See* Ex. A to the Hermanson Declaration, Verification Letter from CMS, dated Jan. 28, 2011, with enclosures).[3] The documents sent to Plaintiffs by CMS meet the requirements of the statute by verifying the debt and providing the name of the original creditor. *See Chaundry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999). Plaintiffs' assertion that CMS should have provided something different (such as a verified ledger statement and accounting) cites to no authority. Rather, it appears Plaintiffs base this contention on their own (mistaken) belief about what is required. Plaintiffs' own construction of the meaning of "validation" does not determine whether Defendants met the statutory standard – federal law does.

The CMS validation letter met the plain terms of the statute by providing verification of the debt in the form of detailed Demand Bills as well as the underlying contracts for services from FRHS. *Id.* Accordingly, the allegations of Plaintiffs' Proposed Amended Complaint still fails to state facts that support a claim under 15 U.S.C. § 1692g(b), or any other provision of the FDCPA or NCAA.

In addition, Plaintiffs' conclusion that the amount in the Demand Bills does not match the amount stated due in the validation letter from CMS is incorrect. (See Proposed Amend. Comp. ¶ 21). The Demand Bills total $2,285.40, which is the amount stated in the validation letter. (See Ex. B to the Hermanson Declaration).

For these reasons, Plaintiffs' request for leave to amend the complaint should be denied as futile and Defendants' motion to dismiss should be granted.

**B. The Lawsuit Served On Plaintiffs By CMS Did Not Violate Any Statute.**

---

[3] Exhibit A is a copy of the CMS correspondence to Plaintiff LeRoy Carlson which is referenced in the Proposed Amended Complaint at ¶¶ 16-17.

CMS commenced the lawsuit against Plaintiffs only after CMS had notified Plaintiffs of the debt, validated the debt, and Plaintiffs still refused to pay. Starting a lawsuit is not a statutory violation. Rather, it is the next step in the legal process to collect an outstanding debt.

Moreover, the discrepancy Plaintiffs point out between the amount of debt listed in the fifth and sixth paragraphs of the CMS complaint is explained by the document itself, which states: "[t]he account has been credited with any payments made thereon, and there remains unpaid a total sum of $1,605.00." (See Proposed Amend. Comp., ¶ 25; and see Ex. B to the Hermanson Declaration, Complaint filed in the County Court of Madison County, Nebraska).[4] This is not a false representation, but instead accounts for payments received toward satisfaction of the outstanding debt. Here too, Plaintiffs' Proposed Amended Complaint fails to allege facts that support a claim for violation of the FDCPA or NCAA and Defendants' motion to dismiss should be granted and Plaintiff's request leave to amend should be denied.

### C. The Other "Grounds" Cited By Plaintiffs Also Fail To Make A Prima Facie Showing That CMS Acted In Violation Of The FDCPA Or NCAA.

Plaintiffs' Proposed Amended Complaint fails to state a cognizable claim under any theory. First, Plaintiffs' contention that CMS violated the FDCPA by using synonyms to describe the assignment of debt from FRHS to CMS is a misinterpretation of the law. Plaintiffs claim they were "confused" by the use of the following terms with regard to the assignment of debt: "referred"; "turned over"; and "assigned … by written assignment." Plaintiffs cite no authority that would make the use of alternate terms *per se* misleading. Instead, Plaintiffs cite 15 U.S.C. § 1692e(2) and Neb. Stat. § 45-1047(2)(d) as support for the conclusion that Defendants' use of these alternative terms was in violation of debt collection practices. However, both of

---

[4] Exhibit B is a copy of the Complaint filed in County Court of Madison County, Nebraska which is referenced in the Proposed Amended Complaint at ¶¶ 23-25.

6

those statutes control the false representation of the character, amount, or legal status of any debt. *See Id*. In any event, as the Eighth Circuit has held, an FDCPA claim is not stated where it is based on a peculiar interpretation of a collection notice. *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 318 (8th Cir. 2004); *Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 955 (8th Cir. 2006).

Use of synonyms to describe the status of debt is not a violation of the statute, especially when the use of synonyms conveys consistent messages about the character and legal status of the debt. In this case, CMS provided Plaintiffs with the bill detail underlying the debt, along with contracts executed by Plaintiff Teresa Carlson. Plaintiffs have not alleged any facts that the debt was not in fact assigned to CMS for collection. CMS gave Plaintiffs notice of the debt owed to FRHS, accurately stated the amount of the debt owed, provided contracts and contact information for the original debt holder, and informed Plaintiffs it was a collection agency attempting to collect a debt. (See Proposed Amend. Comp., ¶ 22). Simply put, Plaintiffs have not alleged any facts to support the conclusion that CMS made false representations about the character, amount, or legal status of any debt. Therefore, allowing Plaintiffs to amend their complaint on this basis would be futile.

Finally, Plaintiffs' extraneous arguments about whether CMS has standing to bring suit are irrelevant. As discussed above, CMS met the legal threshold required to bring suit against Plaintiffs. If Plaintiffs' believe CMS does not have standing, that may be an affirmative defense to assert in the underlying matter, but it is not grounds for finding violation of the FDCPA or NCAA. In any event, pursuit of the underlying action by assignment is in accord with the law and local procedure in Nebraska courts and Plaintiffs have not cited to authority to the contrary. Once again, Plaintiffs have not pled facts that support a cognizable claim and allowing Plaintiffs

to amend their Complaint on these bases would be futile and should not be allowed. Moreover, these same reasons require the case to be dismissed with prejudice and Defendants' motion should be granted.

### III. PLAINTIFFS' CLAIMS AGAINST THE INDIVIDUALLY NAMED DEFENDANTS MUST BE DISMISSED BECAUSE THERE IS NO SUBSTANTIVE FACTUAL REFERENCE PERTAINING TO EACH OF THEM.

Even under the attempted factual allegations of Plaintiffs' Proposed Amended Complaint, they make little if any substantive reference to any of the individually named defendants. In fact, the only individually named defendant referenced in the substantive factual allegations is Tessa Hermanson, who is alleged to have signed the validation letter sent from CMS to Plaintiffs. (See Proposed Amend. Comp., ¶ 16). However, as discussed above, that validation letter does not violate the FDCPA or NCAA and Plaintiffs' allegations concerning it fail to state a claim for which relief can be granted. Even if the Court were to find that Plaintiffs are allowed to proceed in this litigation, it should nonetheless order that all individually named defendants who were not referenced in any substantive factual allegation be dismissed from the case before it advances to the next stage. *See Rodgers v. Data Transmission Network*, No. 8:10CV46, 2010 WL 1254937, *3 (D. Neb., March 25, 2010) (holding failure to allege an individually named defendant were involved in the alleged misconduct fails to state a claim against that named defendant).

### CONCLUSION

Based on the foregoing, Plaintiffs' request for leave to amend their complaint should be denied. Instead, Defendants request the Court dismiss Plaintiffs' Complaint with prejudice and enter judgment of dismissal in their favor.

CREDIT MANAGEMENT SERVICES, INC., DANA KAY FRIES, JANE J. RICHARDSON, TESSA P. HERMANSON, JESSICA L.V. PISKOWSKI, and BRADY W. KEITH, Defendants,

By: BASSFORD REMELE P.A.

By: /s/ *Michael A. Klutho*
Michael A. Klutho
Christopher R. Morris
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
Telephone: (612) 333-3000
Facsimile: (612) 333-8829
mklutho@bassford.com
cmorris@bassford.com

AND

By: PERRY, GUTHERY, HAASE
& GESSFORD, P.C., L.L.O.

By: /s/ *John M. Guthery*
John M. Guthery, #11638
233 South 13th Street, Suite 1400
Lincoln, Nebraska 68508
Telephone: (402) 476-9200
Facsimile: (402) 476-0094
jguthery@perrylawfirm.com

9

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 5, 2012, he caused a true and correct copy of the foregoing to be filed with the Clerk of the United States District Court for the District of Nebraska using the CM/ECF filing system which served a copy upon the following CM/ECF participants: None.

The undersigned further certifies that on January 5, 2012, he cause a true and correct copy of the foregoing to be served, by depositing a copy thereof in the United States mail, first class postage prepaid, upon the following non CM/ECF participants:

LeRoy O. Carlson
P.O. Box 1221
Norfolk, Nebraska 68702
*Pro se Plaintiff*

Teresa J. Carlson
P.O. Box 1221
Norfolk, Nebraska 68702
*Pro se Plaintiff*

/s/ *John M. Guthery*