FILED
U. S. DISTRICT COURT
DISTRICT OF NEBRASKA

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA 2012 FEB 22  AM II: 17

| | | |
|---|---|---|
| **CARLSON et al** | § | |
| *Plaintiffs,* | § | |
| | § | **Case No. 4:11-cv-3173** |
| **vs** | § | |
| | § | |
| **CREDIT MANAGEMENT SERVICES,** | § | |
| **INC. et al** | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

## <u>PLAINTIFFS' RESPONSE TO DEFENDANTS' MEMORANDUM AND SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS</u>

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW the Plaintiffs in this cause of action with their Response to Defendants' Memorandum in Support of Motion to Dismiss and states as follows:

### <u>STATEMENT OF FACTS</u>

On or about November 24, 2010 the Plaintiffs received 5 individual collection letters from CMS attempting to collect debts wherein it is stated, in part, on each letter "Your past due account has been **referred** to us for collection". Plaintiffs sent a demand for validation for the alleged debts to CMS which they acknowledge receipt of. In response Plaintiffs received 5 different documents with the heading on each of them "DEMAND BILL" each of which had a listing of various alleged charges as well as a copy of a patient agreement with Faith Regional Health Services ("FRHS"). Also received was a letter by Hermanson in which she stated "Enclosed please find itemized statements and contracts from the following creditors on the account(s) **turned over** to Credit Management Services, Inc., for collection:" and further stated

"please accept these documents as verification of the underlying debt in the total principal amount of $2,285.40.

Plaintiffs noted that the amount stated to be due in Hermanson's letter was different than the amount shown according to the DEMAND BILLS that accompanied it and none of the information provided by Hermanson was verified in any manner by any person as to its purported accuracy.

On September 12, 2011 the Plaintiffs were each served with a summons and complaint wherein CMS was the Plaintiff in a lawsuit filed against them in THE COUNTY COURT OF MADISON COUNTY, NEBRASKA.  In the complaint filed in the state court there were conflicting amounts said to be due in successive paragraphs.  The Plaintiffs had made no payments on said accounts to explain any differential in the alleged amounts due.  It was obvious to the Plaintiffs there were discrepancies in what CMS was attempting to collect from them.

At no time were Plaintiffs notified of any assignment of the debt to any other party and were unable to ascertain or understand how CMS could be the party suing them in state court when the debt was alleged to be owed to FRHS.  CMS had used various terminology relating to the alleged accounts during their correspondence with the Plaintiffs stating at various times they had been "**referred**", "**turned over**", and later in the state lawsuit "**assigned to Plaintiff by written assignment**" which was confusing to the Plaintiffs as to whom actually was the entity that could collect the debt and who they should pay if they chose to do so.

There is no language in the FAITH REGIONAL HEALTH SERVICES "PATIENT SERVICE AGREEMENT" provided by Hermanson that states that any balances due may be transferred, sold, or **assigned** to another party, including CMS, for collection and there is no

language stating that the patient agrees to pay any collection costs or legal fees associated with any collection activity to any other party including CMS.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plaint statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id.* At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* At 570.

The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". *Friends of Lake View School District v. Beebe*, 578 F.3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. *Id.* A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". *Ashcroft v. Iqbql*, 129 W.Ct. 1937, 1950 (2009).

Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

## ARGUMENTS AND AUTHORITIES

"When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1403 (9th Sir. 1996): *Jones v. General Elec. Co.,* 87 F.3d 209, 211 (7th Cir. 1996). "Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion." *Hishon v. King & Spaulding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion to dismiss.

### A.    THE FDCPA IMPOSES A STRICT LIABILITY STANDARD.

The FDCPA, 15 U.S.C. § 1692, et seq., is a strict liability statute, *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997): see also *Irwin v. Mascott*, 112 F. Supp. 2d 937 (N.D. Cal. 2000): Pittman v. J.J. *Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.,* 74 F. 3d 30, 33-34 (2nd Cir. 1996).

### B.    THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER DEBTORS.

The FDCPA is a remedial statute. *Hamilton v. United Healthcare of Louisiana, Inc.,* 310 F. 3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.,* 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 *et seq*., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107, 1117 (20th Cir. 2002).

## C.    THE FDCPA BROADLEY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS AS WELL AS ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNCECTION WITH THE COLLECTION OF A DEBT.

The fair Debt Collection Practices Act. ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debt by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provided for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors and forbid deceitful and misleading practices both generally and specifically.

Accordingly, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions, two of which are; a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e, and a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Simply, it was designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false deceptive or misleading statements, in connection with the collection of a debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982); *Heintz v. Jenkins*, 5143 U.S. 291 (1995); *McCartney v. First City Bank*, 970 F.2d 45  (5th Cir. 1992).

Simply put, the Plaintiffs received a demand for payment for an alleged debt from someone else other than the entity where the debt was incurred (original creditor). The Plaintiffs made a

demand for validation of the debt which they have every right to do under the FDCPA as consumers. CMS did not provide validation of the alleged debt as requested by the Plaintiffs and instead just sent some DEMAND BILL documents with no statements or verification from anyone involved in the creation or maintenance of the account records at issue. There was a discrepancy between the documents provided and the amount stated to be owed in Hermanson's letter that accompanied them. In their motion to dismiss the Defendants argue the terminology of validation of a debt and state that what was provided by Hermanson with NO verification and discrepancies as to amounts due was proper validation and therefore there was no violation of the FDCPA by Defendants when they continued collection. Case law on validation is quite clear.

Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. See Pacific Concrete F.C.U. v. Kauanoe, 62 Haw. 334, 614 P. 936 (1980), GE Capital Hawaii, Inc. v. Yonenaka 25 P. 3d 807, 96 Hawaii 32, (Hawaii App 2001). Fooks v. Norwich Housing Authority 28 Conn. L. Rptr. 371, (Conn. Super. 2000), Town of Brookfield v. Candlewood Shores Estates, Inc. 513 A. 2d 1218, 201 Conn. I (1986), and Solon v. Godbole, 163 III. App. 3D 845, 114 I11. Dec. 890, 516 N. E. 2d 1045 (3Dist. 1987).

A debt collector verifies a debt by providing information that is responsive to the consumers request. See H.R. Rep. No. 31, 95th Cong., 1st sess. 5 1977. *In SPEARS v. BRENNAN, 745 N.E. 2D 862 (IND. APP. 2001) under* Footnote: *We observe additionally that, Spears did not waive his verification rights under 15 U.S.C. § 1692g(b) by failing to appear at the November 27, 1996 hearing. Like 15 U.S.C. §§ 1692g(a) and 1692i, 15 U.S.C. § 1692g(b) is in the nature of a statutory tort which is completed once the debt collector fails to cease his debt collection efforts after receiving written notification that a debtor is disputing the debt but before mailing*

*verification of the debt to the debtor. See Blakemore, 895 F. Supp. at 984. As discussed*

*previously, an FDCPA claim "has nothing to do with whether the underlying debt is valid. An*

*FDCPA claim concerns the method of collecting the debt. It does not arise out of the transaction*

*creating the debt[.]" Azar, 874 F. Supp. at 1318.*

Just as important is the fact that the contract provided by the Defendants has no language

allowing any alleged indebtedness to FRHS to be sold, assigned, or transferred to any other party

for collection or any authorization for the collection of any attorneys' fees that might be incurred

in relation to any efforts to collect any amounts due on the alleged contract. The fact that the

Defendants did not provide validation for the debt yet continued to pursue collection against the

Plaintiffs is an obvious violation of 15 U.S.C. § 1692g(b). There was absolutely no

documentation or proof or evidence provided that Plaintiffs were legally indebted to CMS. This

was a false and misleading representation of the character, amount, or legal status of the debt

made by the Defendants in attempting to collect a debt in violation of 15 U.S.C. § 1692e(2)(10)

and the Nebraska Collection Agency Act NRS Chap 45-1047(2)(d).

The statements made on page 6 of Defendants' SECOND MEMORANDUM (*See* Docket

20 ¶ B) where they state that the different amounts stated in the state lawsuit are not a false

representations are incorrect. They state "This is not a false representation, but instead accounts

for payments received toward satisfaction of the outstanding debt." No payments were made by

the Plaintiffs so Defendants' explanation that there is no discrepancy because of payments made

is FALSE. The Plaintiffs do, in fact, allege facts to support their allegations of violations of the

FDCPA and the Nebraska Collection Agency Act in their Amended Complaint before the Court.

**D.    THE FDCPA IS TO BE INTERPRETED IN ACCORDANCE WITH THE
LEAST SOPHISTICATED CONSUMER STANDARD.**

The FDCPA is to be interpreted "under an unsophisticated or least sophisticated consumer standard." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Sir. 2009) (quoting *Gaswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004); *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997). The court must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Goswami v. Am. Collections Inter., Inc.*, 377 F.3d at 495. The FDCPA was passed to eliminate "abusive, deceptive, and unfair debt collection practices." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (citing 15 U.S.C. § 1692(a)). Courts use the "least sophisticated consumer" standard, an objective test, when assessing whether particular conduct violates the FDCPA. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). The least sophisticated consumer test is objective and is designed "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008) (quotations and citation omitted). Claims under the Fair Debt Collections Practices Act adhere to the unsophisticated consumer standard. See Grammon v. GC Services Ltd. Partnership, C.A. 7 (Ill.)1994, 27 F. 3d 1254, on remand 162 F. R. D. 313.

The Plaintiffs, as unsophisticated consumers, were provided a variety of terms regarding the status of the debt that CMS was attempting to collect. Plaintiffs could not determine by the use of various terminology who was the party that the alleged debt was actually owed to. It was represented that it originated with FRHS but Plaintiffs could not ascertain from the communications sent to them by CMS whether the debt was owed to FRHS or was now owed to CMS. The communications sent by CMS using the various terminologies to describe the "status" of the alleged debt were not clear and not easily understood by the Plaintiffs and therefore were a

false and misleading act in violation of the FDCPA and the Nebraska Collection Agency Act as alleged in the Plaintiffs' Amended Complaint before the court.

Defendants' argument in their SECOND MEMORANDUM (*See* Docket 20 ¶ III) that the claims against the individually named Defendants should be dismissed is improper. FRIES, RICHARDSON, HERMANSON, PISKORSKI, and KEITH were all shown to be attorneys of record on the state lawsuit brought against the Plaintiffs and were wholly liable as debt collectors when they brought the action against the Plaintiffs in state court after a validation demand had been made and had not been complied with. They were wholly complicit and participatory in commencing another collection action of a judicial nature against the Plaintiffs in violation of the FDCPA and the Nebraska Collection Agency Act as stated in the Plaintiffs' Amended Complaint where they were individually named.

## CONCLUSION

Based on the foregoing information and the claims made in Plaintiffs' Amended Complaint the Plaintiffs have shown they have brought a cognizable cause of action before the Court and respectfully request the Court grant their Motion for Leave to Amend and allow their Amended Complaint to be entered into the record and their cause of action to move forward. Plaintiffs' Complaint should not be dismissed as Plaintiffs' Amended Complaint will cure any defect in the original Complaint. Rule 15(a) of the Federal Rules of Civil Procedure provides that the trial court may grant leave to amend the pleading when justice so requires as it does in this case.

WHEREFORE, the Plaintiffs respectfully request this Honorable Court DENY the Defendants' Motion to Dismiss for Failure to State a Claim and allow their Amended Complaint to be filed with the Court and this cause of action to move forward to trial on the merits.

Respectfully Submitted,

LeRoy O. Carlson
PO Box 1221
Norfolk, Nebraska 68702
402-640-4124

Teresa J. Carlson
P.O. Box 1221
Norfolk, Nebraska 68702

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was sent to the below named parties by first class USPS mail.

Signed February 21, 2012

LeRoy O. Carlson

Michael A. Klutho
Bassford Remele P.A.
33 South Sixth Street
Suite 3800
Minneapolis, MN 55402

John M. Guthery
PERRY, GUTHERY, HAASE
& GESSFORD, P.C., L.L.O
233 South 13th Street
Suite 1400
Lincoln, NE 68508



U.S. POSTAGE
PAID
NORFOLK NE
FEB 21 12
AMOUNT
$1.30
0004488609
1000
68508

LeRoy CHARSON
P.O. BOX 1321
NORFOLK, NEBRASKA
68702

RECEIVED
FEB 2 2 2012
CLERK
U.S. DISTRICT COURT
LINCOLN

FIRST CLASS

U.S. DISTRICT COURT of NEBRASKA -Lincoln
593 FEDERAL BUILDING
100 CENTENNIAL MALL SOUTH
Lincoln, NE 68508-3803

